# United States District Court
# District of Massachusetts

KYLE SYLVIA,
    Petitioner,

v.                                    CIVIL ACTION NO 12-10610-JLT

GARY RODEN,
    Respondent.

## REPORT AND RECOMMENDATION ON PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS (#1)

COLLINGS, U.S.M.J.

### I. Introduction

Kyle Sylvia ("Sylvia" or "petitioner") petitions for a writ of habeas corpus under 28 U.S.C. § 2254. A Massachusetts jury convicted him of first degree murder on the theory of deliberate premeditation and unlawful possession of a firearm. The Supreme Judicial Court ("SJC") affirmed the convictions in a comprehensive opinion. *Commonwealth v. Sylvia*, 456 Mass. 182, 921 N.E.2d 968 (2010).

Sylvia filed his *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (#1) on April 5, 2012. On September 20, 2013, he filed Petitioner's Brief in Support of Petition for Writ of Habeas Corpus (#15). On October 31, 2012, the respondent filed Respondent's Memorandum of Law in Opposition to the Petition for Habeas Corpus (#17). Sylvia filed Petitioner's Rebuttal to Respondent's Memorandum of Law in Opposition to the Petition for Habeas Corpus (#20) on November 23, 2012.

In his petition, Sylvia challenges the constitutionality of his detention on a number of grounds. Because none have merit, the Court will engage in a *brevis* disposition.

## II. Legal Standard

"[A] federal court may not issue a habeas petition 'with respect to any claim that was adjudicated on the merits in State court proceedings' unless the state court decision: 1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *McCambridge v. Hall,* 303 F.3d 24, 34 (1 Cir. 2002) (quoting 28 U.S.C. §

2254(d) (Supp. II 1996)). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A decision represents an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. An "unreasonable application" requires "some increment of incorrectness beyond error. . . . The increment need not necessarily be great, but it must be great enough to make the decision unreasonable in the independent and objective judgment of the federal court." *McCambridge*, 303 F.3d at 36 (internal quotations and citation omitted). The Supreme Court has explained that

> [t]his distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

*Renico v. Lett*, 559 U.S. 766, -, 130 S. Ct. 1855, 1862 (2010) (internal quotation

marks and citations omitted) (footnote omitted). Furthermore,

> [w]hen assessing whether a state court's application of federal law is unreasonable, 'the range of reasonable judgment can depend in part on the nature of the relevant rule' that the state court must apply. Because AEDPA authorizes federal courts to grant relief only when state courts act *unreasonably*, it follows that '[t]he more general the rule' at issue—and thus the greater the potential for reasoned disagreement among fair-minded judges—'the more leeway [state] courts have in reaching outcomes in case-by-case determinations.'

*Id.* at 1864 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) (second and third alterations in original)). *See also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (where the federal standard is general, "a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard").

### III. Claim of Insufficient Evidence (Ground One)

This claim is based on an assertion that eyewitness identifications were tainted and should have been excluded, and if they had been excluded, there would not have been sufficient evidence to convict. According to Sylvia, the problem was that both eyewitnesses saw him on TV when he was arrested before they made their identifications. However, it is conceded that the TV

viewing was not orchestrated by the police. The SJC noted that without "...police participation in the identification, exclusion cannot be advanced under constitutional principles...." *Sylvia,* 456 Mass. at 190, 921 N.E.2d at 976. But even if there is no police participation, a defendant may obtain "...relief on [a] claim that...the confrontation...was so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." *Stovall v. Denno,* 388 U.S. 293, 301-02 (1967), *overruled on other grounds in Griffith v. Kentucky,* 479 U.S. 314 (1987). "However, a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it...." *Id.* at 302.

In the instant case, not only was there no police participation in the viewing of Sylvia on TV, the SJC examined the totality of the circumstances throughly and found that the identification was not tainted. *Sylvia,* 456 Mass. at 190-91, 921 N.E.2d at 976-77. In no way could the SJC's disposition of the identification issue be found to be "...contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States", 28 U.S.C. § 2254(d)(1), or "...based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." 28 U.S.C. § 2254(d)(2). The Court rules that the SJC's decision on the identification issue was totally reasonable in all respects. The eyewitnesses identifications were properly admitted, and on that basis, there can be no claim that the evidence was insufficient to convict.

### IV. *Claim of Improper Prosecution Argument (Ground Three)*

Sylvia contends that the prosecutor's arguments violated his constitutional rights. The only right upon which such a claim could be based is Sylvia's right to due process. As the First Circuit has said:

> For this kind of due process challenge to succeed, 'it is not enough that prosecutors' remarks were undesirable or even universally condemned. . . .' *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quotation marks omitted). Rather, as the Supreme Court has made clear, '[t]he relevant question is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process."' *Id.* (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). In assessing whether the prosecutor's 'improper statements during closing argument require[s] a new trial, we examine (1) whether the prosecutor's conduct was isolated and/or deliberate; (2) whether the trial court gave a strong and explicit cautionary instruction; and (3) whether it is likely that any prejudice surviving the judge's instruction could have affected the outcome of the case.' *United States v. Lowe,* 145 F.3d 45, 50 (1 Cir., 1998).

*Olszewski v. Spencer,* 466 F.3d 47, 59 (1 Cir., 2006), *cert. denied,* 550 U.S. 911 (2007).

In the instant case, there are three portions of the prosecutor's argument which are cited. The first dealt with the defendant's appearance and that he looked different at trial (presumably from how he looked when the crimes were committed); the second dealt with what Sylvia viewed as the defense counsel's insinuation that the police planted an identification, and the third dealt with the prosecutor's "isolated reference to hearsay testimony." *Sylvia,* 456 Mass. at 194-95, 921 N.E.2d at 978-80.[1] While the prosecutor's statements were "deliberate," they were "isolated." After each of the statements, the trial judge gave a "strong and explicit cautionary instruction" and it is unlikely "...that any prejudice surviving the judge's instruction[s] could have affected the outcome of the case." *Olszewski,* 466 F.3d at 59.

In sum, the SJC analyzed the complaints about the prosecutor's arguments by applying the correct standards, and its resolution of the issue could by no means be said to be an "unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The Court finds that the

---

[1] Because there is no merit to the claim for relief on the third ground, the Court passes the issue of whether the failure to object at trial precludes habeas review of this ground.

SJC's decision on this issue to be eminently reasonable.

### V. Claim of Courtroom Closure (Ground Four)

Sylvia claims that the courtroom was closed during jury selection in violation of his rights under the First and Sixth Amendments. This issue was not raised until a motion for a new trial after the SJC had affirmed his conviction. The trial judge denied the motion, and Sylvia applied for leave to appeal pursuant to Mass. Gen. L. c. 278, § 33E. On February 1, 2012, a single justice of the SJC denied leave.

The problem for Sylvia is that the First Circuit has held that a denial of leave to appeal pursuant to that statute provides "an independent and adequate state ground" which operates as a "bar" to review on federal habeas unless the petitioner "shows cause and prejudice." *Costa v. Hall,* 673 F.3d 16, 19 (1 Cir., 2012). Leaving "prejudice" aside, Sylvia makes no showing of "cause" why the issue was not raised on direct appeal. Accordingly, federal review on habeas is barred. *See also Mendes v. Brady,* 656 F.3d 126 (1 Cir., 2011); *cert. denied,* 132 S.Ct. 1551 (2012).

### VI. Claim of Admission at Trial of "Spurious" Laboratory Evidence (Ground Two)

At trial, there was evidence of the results of tests showing the existence

of gunshot residue on the defendant at the police station. Sylvia complains about the admission of this evidence which he characterizes as "spurious" (#1 at p. 5)[2] and also on the trial judge's and prosecutor's alleged "misstatements" about this evidence.

The evidence complained of was the expert's testimony that "...gunshot powder residue is detected in twenty to twenty-five per cent of gunshot powder residue collection kits analyzed, and is not detected in seventy-five to eighty per cent of kits analyzed." *Sylvia,* 456 Mass. at 192, 921 N.E.2d at 977. For purposes of habeas review, whether or not it was error to admit the evidence is not the question. To raise a constitutional claim, the petitioner must show that the errors were so serious as to have deprived the petitioner of due process and denied him a fundamentally fair trial. *Nadworny v. Fair,* 744 F. Supp. 1194, 1200 (D. Mass.), *aff'd,* 976 F.2d 724 (1992) (Table), 1992 WL 251379 (1 Cir., Oct. 5, 1992), *cert. denied,* 507 U.S. 963 (1993). In order to obtain relief on

---

[2] The Court has a genuine question as to whether this issue has been exhausted. The "issue" presented to the SJC was "[w]hether the trial court erroneously admitted evidence of laboratory test results for gunshot powder residue in other cases which were irrelevant to the case at hand and prejudicial to the defense." (#7, Supplemental Answer, Exh. 3, p. 1) In the body of the brief to the SJC, Sylvia simply mentions that the admission of their evidence violated his "due process right to a fair trial." (#7, Exh. 3, p. 39). However, there is nothing in the brief that relies on any federal cases in which admission of improper evidence was found to be a violation of due process, and only state cases are cited for that proposition. However, since Sylvia's claim in meritless, the Court proceeds pursuant to 28 U.S.C. § 2254(b)(2) and decides the issue.

federal habeas corpus, it is not enough to show that the admission of the evidence was erroneous.

In the instant case, the SJC found no error at all. *Sylvia,* 456 Mass. at 192, 921 N.E. 2d at 978.  The Court finds that the SJC's findings and ruling that the evidence was admissible and relevant to be reasonable.  Manifestly, the SJC's decision on this issue was not "...contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and was not "...based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1)(2).

### *VII. Recommendation*

Because none of Sylvia's asserted grounds for relief have merit, I RECOMMEND that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (#1) be DENIED and that Final Judgment enter DISMISSING the Petition.

### *VIII.  Review by the District Judge*

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk

of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

July 18, 2013.